## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ATLANTIC CASUALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>BAYPORT CONSTRUCTION CORPORATION, LAM GROUP and LAM PEARL STREET HOTEL LLC,<br><br>Defendants. | CIVIL ACTION<br><br>NO. 1:25-cv-01163-RA |

## ANSWER TO DECLARATORY JUDGMENT COMPLAINT

Defendants, LAM GROUP and LAM PEARL STREET HOTEL LLC (collectively, "LAM"), by their undersigned attorneys, respectfully submit this Answer to the Declaratory Judgment Complaint filed by Atlantic Casualty Insurance Company ("Plaintiff or "Atlantic Casualty"). Any allegations that are not expressly admitted are hereby denied.

## NATURE OF THE CASE

1. Denied. Paragraph 1 of Atlantic Casualty's Complaint (the "Complaint") contains a description of Atlantic Casualty's legal theories and the relief it seeks rather than allegations of fact to which a response is required. To the extent Paragraph 1 may be deemed to contain any allegations of fact, LAM denies those allegations

2. Admitted.

3. Denied. Paragraph 3 of the Complaint purports to describe the allegations set forth in the Underlying Complaint,[1] which is a court-filed pleading that speaks for itself. To the

---

[1] Capitalized terms shall have the same meaning as those defined in Plaintiff's Complaint unless otherwise indicated.

extent the allegations contained in Paragraph 3 of the Complaint are inconsistent with the Underlying Complaint, those allegations are denied.

4. Admitted in part and denied in part. It is that Atlantic Casualty has assigned counsel to Bayport and is providing a defense to the Underlying Complaint. LAM lacks sufficient information to form a belief as to whether, when, or to what extent such defense is subject to a "Partial Disclaimer of Coverage" and, therefore, the remaining allegations in Paragraph 4 are denied.

5. Denied. Paragraph 5 of the Complaint contains a description of Atlantic Casualty's legal theories and the relief it seeks rather than allegations of fact to which a response is required. To the extent Paragraph 5 may be deemed to contain any allegations of fact, LAM denies those allegations

## JURISDICTION AND VENUE

6. Denied. The allegation in Paragraph 6 of the Complaint constitutes a conclusion of law to which no response is required and, therefore, it is denied. Furthermore, it is not currently known whether there is complete diversity of citizenship between Plaintiff and Defendants.

7. Admitted that the amount in controversy exceeds $75,000.

8. Admitted that the venue is proper in this Court.

## PARTIES

9. Upon information and belief, admitted.

10. Denied. LAM lacks sufficient information to form a belief as to the truth of the allegation in Paragraph 10 of the Complaint and, therefore, it is denied.

11. Denied. LAM lacks sufficient information to form a belief as to the truth of the allegation in Paragraph 11 of the Complaint and, therefore, it is denied.

11615916 v2

12.     Denied as stated. Admitted only that LAM Group is a trade name affiliated with LAM Hotel and has no corporate existence. It is associated with the address at 202 Centre Street, 6th floor, New York, New York.

13.     Denied as stated. Admitted only that LAM Hotel is a New York limited liability company with its principal place at business at 202 Centre Street, 6th floor, New York, New York. LAM Hotel's sole member is Lam's Golden Pearl Hotel Plaza, LLC, which in turn has sixteen members, fourteen of which are also limited liability companies. As of the filing of this Answer, LAM is still in the process of identifying all members of those limited liability companies and their domiciles or residences.

## FACTUAL BACKGROUND

### The Atlantic Casualty Policy[2]

14.     Admitted in part and denied in part. Upon information and belief, admitted that Atlantic Casualty issued to Bayport the Atlantic Casualty Policy that is attached as Exhibit A to the Complaint. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 14 are inconsistent with the Policy, those allegations are denied.

15.     Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 15 are inconsistent with the Policy, those allegations are denied.

16.     Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 16 are inconsistent with the Policy, those allegations are denied.

---

[2] For clarity, titles are repeated verbatim from Atlantic Casualty's Complaint. To the extent the titles are deemed to be allegations of fact, they are denied.

11615916 v2

**The Underlying Complaint**

17. Denied. The Underlying Complaint is a court-filed pleading that speaks for itself. To the extent the allegations contained in Paragraph 17 are inconsistent with the Underlying Complaint, those allegations are denied.

18. Denied. The Underlying Complaint is a court-filed pleading that speaks for itself. To the extent the allegations contained in Paragraph 18 are inconsistent with the Underlying Complaint, those allegations are denied.

**Pertinent Correspondence**

19. Denied. After reasonable investigation, LAM lacks sufficient information to form a belief as to the truth of the allegation in Paragraph 19 of the Complaint and, therefore, it is denied.

20. Denied. Atlantic Casualty's self-styled April 6, 2023 "Partial Disclaimer Letter" to its insured, Bayport, is a document that speaks for itself and must be reviewed in context. LAM is without sufficient information to admit or deny whether or when the letter was sent or received and, therefore, the allegation is denied and Atlantic Casualty is left to its proof. Furthermore, to the extent Paragraph 20 alleges that any disclaimer stated in the Partial Disclaimer Letter is valid, it is denied.

21. Denied. Atlantic Casualty self-styled November 19, 2024 "Supplemental Partial Disclaimer Letter" to its insured, Bayport, is a document that speaks for itself and must be reviewed in context. LAM is without sufficient information to admit or deny whether or when the letter was sent or received and, therefore, the allegation is denied and Atlantic Casualty is left to its proof. Furthermore, to the extent Paragraph 22 alleges that any disclaimer stated in the Partial Disclaimer Letter is valid, it is denied.

22. Denied. The allegation in Paragraph 22 is a legal conclusion to which no response is required and, therefore, it is denied.

23. Denied. The allegation in Paragraph 23 is a legal conclusion to which no response is required and, therefore, it is denied.

24. Denied. The allegation in Paragraph 24 is a legal conclusion to which no response is required and, therefore, it is denied.

25. [The Complaint does not contain a Paragraph No. 25.]

## FIRST CAUSE OF ACTION

### A Declaration that Atlantic Casualty has No Duty to Defend or Indemnify Bayport Under the EIFS Exclusion Endorsement

26. Paragraphs 1 through 25 are incorporated by reference.

27. Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 27 are inconsistent with the Policy, they are denied.

28. Denied. The Underlying Complaint is a court-filed pleading that speaks for itself. To the extent the allegations contained in Paragraph 28 are inconsistent with the Underlying Complaint, they are denied.

29. Admitted in part and denied in part. Admitted only that "EIFS" is an acronym for "Exterior Insulation and Finish System." The remaining allegations in Paragraph 29 are denied and Atlantic Casualty is left to its proofs.

30. Denied. After reasonable investigation, LAM lacks sufficient information to form a belief as to the truth of this allegation and, therefore, it is denied. To the extent Paragraph 30 alleges that the Dry-Vit system referenced in the Underlying Complaint is an EIFS system, it is expressly denied.

11615916 v2

31. Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 31 are inconsistent with the Policy language, they are denied.

32. Denied.

33. Denied.

## SECOND CAUSE OF ACTION

### A Declaration that Atlantic Casualty Has No Duty to Defend or Indemnify Bayport in the Underlying Action On Late Notice Grounds

34. Paragraphs 1 through 33 are incorporated by reference.

35. Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 35 are inconsistent with the Policy, they are denied.

36. Admitted in part and denied in part. Admitted that property damage occurred on or about December 25, 2020. To the extent Paragraph 36 alleges that the Underlying Complaint alleges that no other property damage or injury occurred at other times, it is denied. LAM lacks sufficient information to form a belief as to the truth of the remaining allegations in this Paragraph and, therefore, they are denied.

37. Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 37 are inconsistent with the Policy, they are denied.

38. Denied. After reasonable investigation, LAM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 38 and, therefore, they are denied.

39. Denied. The Atlantic Casualty Policy is a written document that speaks for itself. To the extent the allegations contained in Paragraph 39 are inconsistent with the Policy, they are denied.

40. Denied. After reasonable investigation, LAM lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 40 and, therefore, they are denied.

41. Denied. The allegation in Paragraph 41 is a legal conclusion to which no response is required and, therefore, it is denied.

42. Denied.

### THIRD CAUSE OF ACTION

### A Declaration that Atlantic Casualty Has No Duty to Defend and Indemnify Bayport By Operation of the Breach of Contract Exclusion

43. Paragraphs 1 through 42 are incorporated by reference.

44. Denied. The allegation in Paragraph 44 is a legal conclusion to which no response is required and, therefore, it is denied.

45. Denied. The allegation in Paragraph 45 is a legal conclusion to which no response is required and, therefore, it is denied. To the extent this Paragraph contains factual allegations with respect to the terms of the Atlantic Casualty Policy, same is a written document that speaks for itself and, to the extent such allegations are inconsistent with the Policy, they are denied.

46. Denied. The allegation in Paragraph 46 is a legal conclusion to which no response is required and, therefore, it is denied.

### FOURTH CAUSE OF ACTION

### A Declaration that Atlantic County Has No Duty to Defend and Indemnify Bayport by Operation of Exclusions 2.j., 2.k., 2.l. and 2.m.

47. Paragraphs 1 through 46 are incorporated by reference.

48. Denied. The allegation in Paragraph 48 is a legal conclusion to which no response is required and, therefore, it is denied. To the extent this Paragraph contains factual allegations with respect to the terms of the Atlantic Casualty Policy, same is a written document that speaks for itself and, to the ext2ent such allegations are inconsistent with the Policy language, they are denied.

49. Denied. The Underlying Complaint is a court-filed pleading that speaks for itself. To the extent the allegations contained in Paragraph 49 are inconsistent with the Underlying Complaint, they are denied.

50. Denied.

## FIFTH CAUSE OF ACTION

### A Declaration that Atlantic Casualty is Entitled to Reimbursement from Bayport for the Costs Incurred in Connection with its Defense of Bayport in the Underlying Action

51. Paragraphs 1 through 50 are incorporated by reference.

52. Denied. The allegation in Paragraph 52 states the relief Atlantic Casualty seeks and, therefore, not response is required. To the extent this Paragraph makes any allegation of fact, it is denied.

53. Denied.

**WHEREFORE**, Defendants8 LAM Group and LAM Hotel, LLC respectfully pray for judgment from this Honorable Court as follows:

1. Dismissing all Counts of the Complaint against Defendants LAM Group and LAM Hotel, LLC with prejudice and with costs and disbursements;

2. An award of attorneys' fees to Defendants LAM Group and LAM Hotel, LLC incurred in defending this action brought by Plaintiff Atlantic Casualty Insurance Company's effort to avoid 2its liability insurance coverage obligations under the Atlantic Casualty Policy, *see U.S. Underwriters Insurance Co. v. City Club Hotel, LLC,* 3 N.Y.3d 592, 597-98, (2004) (citing *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979)); and

11615916 v2

3. Granting Defendants LAM Group and LAM Hotel, LLC such other relief as this Court deems just and proper.

## **SEPARATE DEFENSES**

### **First Affirmative Defense**

The Complaint fails to state a claim against the LAM Defendants upon which relief may be granted.

### **Second Affirmative Defense**

The Complaint fails to state a claim or controversy involving the LAM Defendants.

### **Third Affirmative Defense**

The "EIFS Exclusion" does not apply and, therefore, does not bar coverage. It does not apply because the Dry-Vit façade alleged in the Underlying Complaint does not fall within the meaning of EIFS, DEFS, or substantially similar system as defined in the EIFS Exclusion.

### **Fourth Affirmative Defense**

Atlantic Casualty has not alleged that it suffered any actual prejudice because of its insured's alleged "late notice" and, therefore, coverage is not barred by any purported late notice under N.Y. Ins. Law §3420(a)(5). Furthermore, Atlantic Casualty has failed to plead facts sufficient to establish when Bayport was served with the Underlying Complaint.

### **Fifth Affirmative Defense**

Exclusions 2.j. (Damage to Property) does not bar coverage because property other than property on which Bayport or its subcontractors performed work was damaged or otherwise impaired.

### **Sixth Affirmative Defense**

Exclusion 2.k. (Damage to Your Product) does not bar coverage because the work Bayport performed does not constitute a "product." In addition, Exclusion 2.k. does not bar

coverage because property was damaged other than Bayport's "product," including damage to neighboring property owned by third parties.  At the least, the Underlying Complaint alleges property damage to the roof of a neighboring property owned by third parties, including 2 Gold Street, caused by the collapse of a portion of the south façade of the subject building located at 215 Pearl Street, New York, New York, which the Underlying Complaint alleges occurred due to Bayport's negligence.

### Seventh Affirmative Defense

Exclusion 2.1. (Damage to Your Work) does not apply to the extent that Bayport's work was damaged by the work performed by any of its subcontractors, including but not necessarily limited to Alfre and Sons Construction.  Bayport has filed a Third Party Complaint in connection with the Underlying Complaint against its subcontractor Alfe and Sons alleging that the damage to the façade system and arising therefrom was due to Alfre and Sons' negligence. In addition, Exclusion 2.1., does not apply to damage to Bayport's work that does not arise out of the "products-completed operations hazard."  The Underlying Complaint alleges injury to property that may ultimately be determined to fall outside of the "products-completed operations hazard."

### Eighth Affirmative Defense

Exclusion 2.m. (Damage to Impaired Property) does not bar coverage to the extent the Underlying Complaint does not allege "property damage" to "impaired property" or property not physically injured arising out of a defect or deficient condition in Bayport's work. In addition, Exclusion 2.m. does not bar coverage for damage to impaired property arising out of a sudden an accidental physical injury to Bayport's work or product.  The Underlying Complaint alleges a "sudden and accidental physical injury" to Bayport's work, namely, part of the façade on the south elevation of the building in question was damaged due to high winds on December 25,

11615916 v2

2020. Any "property damage" to "impaired property" or property that has not been physically insured arising out of the façade damaged on December 25, 2020 does not fall within Exclusion 2.m.

### Ninth Affirmative Defense

Under New York law, Atlantic Casualty is not entitled to reimbursement of costs it paid to defend Bayport respecting the Underlying Complaint because the Atlantic Casualty Policy attached to the Complaint does not explicitly provide for the reimbursement of defense costs. *See Am. W. Home Ins. Co. v. Gjonaj Realty & Mgmt. Co.,* 192 A.D.3d 28, 40-41, 138 N.Y.S.3d 626, 635 (App. Div. 2nd Dept. 2020).

**WHEREFORE**, Defendants LAM Group and LAM Hotel, LLC respectfully pray for judgment from this Honorable Court as follows:

1. Dismissing all claims against Defendants LAM Group and LAM Hotel, LLC in this action with prejudice and with costs and disbursements;

2. An award of attorneys' fees to Defendants LAM Group and LAM Hotel, LLC incurred in defending this action brought by Plaintiff Atlantic Casualty Insurance Company's effort to avoid its coverage obligations under the Atlantic Casualty Policy. *See U.S. Underwriters Insurance Co. v. City Club Hotel, LLC,* 3 N.Y.3d 592, 597-98, (2004) (citing *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979)); and

3. Granting Defendants LAM Group and LAM Hotel, LLC such other relief as this Court deems just and proper.

Dated: New York, NY
       March 20, 2025

                            **FLASTER/GREENBERG P.C.**

                            By: */s/ Jay M. Levin*
                                Jay M. Levin
                                (NY Bar No. 2427169)
                                100 Front Street, Suite 100

        Conshohocken, PA 19428
Telephone: (215) 576-1730
Email: jay.levin@flastergreenberg.com

John G. Koch
(NY Bar No. 4430401)
295 Madison Avenue, 12th Floor
New York, NY 10017
Telephone: (215) 279-9916
Email: john.koch@flastergreenberg.com

*Attorneys for Defendants LAM Group and LAM Pearl Street Hotel LLC*

**CERTIFICATE OF SERVICE**

    I, John G. Koch, attorney at Flaster Greenberg, P.C., hereby certify that on this 20th day of March 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: March 20, 2025                      */s/ John G. Koch*
                                                                                      John G. Koch

2