GUTMAN WEISS, P.C.
By: Marc Illish, Esq. (MI-6369)
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
(718) 259-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

                    :   Case No. 1:25-cv-01163-RA

ATLANTIC CASUALTY INSURANCE COMPANY,   :

                   :

          Plaintiff,   :

                   :

    -against-   :

                   :

BAYPORT CONSTRUCTION CORPORATION, LAM   :
GROUP and LAM PEARL STREET HOTEL LLC,

          Defendants.   :

------------------------------------------------------------------- X

**REPLY MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT BAYPORT CONSTRUCTION CORP.'S MOTION TO DISMISS**

## I. PRELIMINARY STATEMENT

Plaintiff Atlantic Casualty Insurance Company's ("Atlantic Casualty") opposition hinges on procedural technicalities and statutory arguments that are unavailing in the face of an equitable defense such as laches. Courts have consistently recognized that when an insurer unreasonably delays filing a declaratory judgment action—particularly after assuming and controlling the defense of its insured—prejudice is presumed (and exists in this case) and dismissal is warranted. The case law discussed in Defendant Bayport Construction Corp.'s ("Bayport") opening memorandum not only supports the application of laches at this stage, but compels it in light of the extensive prejudice suffered by it.

## II. LACHES IS A VALID DEFENSE AT THE MOTION TO DISMISS STAGE

As previously held by this District, "[i]n certain circumstances, when the defense of laches is clear on the face of the complaint, and where it is clear that the plaintiff can prove no set of facts to avoid the insuperable bar, a court may consider the defense on a motion to dismiss." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 439 (S.D.N.Y. 1999). While Atlantic asserts that laches must await a factual record, courts in this District have considered motions to dismiss where the prejudice is facially evident from the pleadings and judicially noticeable materials. That same rationale applies with greater force here, where Atlantic delayed 14 months after disclaimer and nearly two years after learning of the core stucco claims.

## III. UNREASONABLE DELAY IS CLEARLY ESTABLISHED

The delay in bringing this action—despite Atlantic's knowledge of the EIFS-related exclusions and its continuing control of Bayport's defense—was unjustified. In *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119 (2d Cir. 2002), the Second Circuit held that an insurer's delay in disclaiming coverage significantly prejudiced the insured, even when the delay was only

several months. As here, the delay impaired the insured's ability to secure timely expert evaluation and make strategic litigation decisions.

It is noted that, "although Section 3420(d)(2) does not apply to claims for property damage, disclaimers under those circumstances may nonetheless be waived pursuant to common law equitable estoppel, which applies when an insurer 'unreasonably delays in disclaiming coverage,' as 'judged from the time that the insurer is aware of sufficient facts to issue a disclaimer." *U.S. Underwriters Ins. Co. v. Landau*, 679 F.Supp.2d 330, 342 (E.D.N.Y.) To justify application of the estoppel doctrine, the insured must demonstrate both that the delay was unreasonable and that they were prejudiced as a result of the delay. *Eagley v. State Farm Ins. Co.*, , 2015 WL 5714402, at \*14 (W.D.N.Y. 2015).

Under New York common law, an insurer, who undertakes the defense of an insured, may be estopped from asserting a defense to coverage, no matter how valid, if the insurer unreasonably delays in disclaiming coverage and the insured suffers prejudice as a result of that delay. *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002). See also, *Scottsdale Ins. Co. v. United Indus. & Constr. Corp.*, 2017 WL 52581 (E.D.N.Y. 2017); *Scottsdale Ins. Co. v. United Indus. & Const. Corp.*, 137 F. Supp. 3d 167, 174 (E.D.N.Y. 2015).

Similarly, in *RLI Insurance Company v. AST Engineering Corporation*, 2022 WL 107599 (2d Cir. 2022), the court emphasized that where the insurer controls the litigation strategy and fails to timely disclaim or file a declaratory action, prejudice may be presumed. *RLI* confirms that the nature and extent of prejudice arise not merely from lost time, but from the insurer's strategic delay that forecloses the insured's ability to take proactive defensive measures. That is precisely the case here: Bayport, following carrier counsel's lead, refrained from retaining an expert early on—only to find itself abandoned, and left without timely evidence.

## IV. ATLANTIC'S DELAY CAUSED MULTIFACETED PREJUDICE

### A. Loss of Critical Evidence and Expert Access

As Bayport asserted, that the inability to retain and rely upon earlier expert testimony—due to the insurer's delay—amounts to concrete prejudice. Atlantic's counsel never retained an expert, and as the August 1, 2025 deadline approaches, Bayport faces irreparable harm from this inaction.

### B. Erosion of Physical and Witness Evidence

The Second Circuit in *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174, 195 (2d Cir. 2018), reinforced that laches arises where "delay has subjected [a party] to a disadvantage in asserting and establishing his claimed right or defense." That is precisely the scenario here. Bayport has lost access to site conditions critical to evaluating the stucco façade, and witnesses' recollections are now stale or unavailable.

### C. Strategic Entrapment by Carrier Counsel

*Bluestein* also instructs that prejudice flows from an insurer's control of litigation that later proves illusory. Bayport relied in good faith on carrier counsel's litigation plan. When Atlantic changed course—after almost two years—it deprived Bayport of a meaningful opportunity to redirect its litigation strategy or seek alternate counsel. As the court in *RLI* warned, once "the character and strategy of the lawsuit can no longer be altered," prejudice is established.

Also, as the Second Circuit recognized in *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 95 (2d Cir. 2002), estoppel arises where "an insurer acts in a manner inconsistent with a lack of coverage, and the insured reasonably relies on those actions to its detriment." That is exactly what happened here: Bayport followed Atlantic's litigation strategy in reliance on its defense, only to be blindsided by an untimely disclaimer.

## V. ATLANTIC'S TECHNICAL OBJECTIONS CANNOT DEFEAT AN EQUITABLE DEFENSE

Atlantic argues that laches cannot override statutory time periods. But laches is not about the passage of time in the abstract—it also addresses prejudicial delay. Even if the six-year statute of limitations under CPLR § 213 has not expired, courts have held that laches can apply before the expiration of statutory time where the delay causes unfair tactical harm—as demonstrated in *Golden, RLI*, and *Leopard Marine*. Moreover, Atlantic's argument that it may disclaim coverage under the EIFS exclusion fails to explain why it waited to do so until November 2024, and then another three months to file this action.

While this motion principally asserts the equitable defense of laches, the same factual record also independently supports application of equitable estoppel. Laches bars Atlantic's delayed declaratory judgment claim due to its prejudicial untimeliness. Separately, estoppel precludes Atlantic from disclaiming coverage after having assumed and controlled Bayport's defense for an extended period. Courts have recognized that estoppel is particularly appropriate in such cases where an insured has reasonably relied on an insurer's conduct to its detriment, see *supra*. Accordingly, even if the Court were to decline dismissal on the basis of laches, it would still be appropriate to estop Atlantic from disclaiming coverage or denying its prior assumption of defense obligations.

## VI. CONCLUSION

The case law cited by Bayport uniformly supports dismissal. Courts will not allow an insurer to lull its insured into strategic reliance, only to pivot at the eleventh hour, undermining defense strategy. The doctrine of laches exists precisely to prevent this inequity. Because Atlantic's delay has foreclosed a proper expert defense, compromised evidence, and left Bayport materially disadvantaged, the Complaint should be dismissed. Bayport reserves all other defenses.

Dated: Brooklyn, New York
     May 29, 2025

                                          GUTMAN WEISS, P.C.

                                          */s/ Marc Illish*
                                          By: Marc Illish, Esq. (MI-6369)
                                          2276 Sixty-Fifth Street
                                          Brooklyn, N.Y. 11204
                                          (718) 259-2100