GUTMAN WEISS, P.C.
By: Marc Illish, Esq. (MI-6369)
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
(718) 259-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------- X

ATLANTIC CASUALTY INSURANCE COMPANY,

                                  Plaintiff,

        -against-

BAYPORT CONSTRUCTION CORPORATION, LAM
GROUP and LAM PEARL STREET HOTEL LLC,

                               Defendants.

---------------------------------------------------------------------- X

Case No. 1:25-cv-01163-RA

**DECLARATION IN SUPPORT**

        I, MARC ILLISH, declare pursuant to 28 U.S. Code § 1746 as follows:

        1.      I am counsel for Defendant Bayport Construction Corp. ("Bayport") in this action. I submit this declaration in support of Bayport's renewed motion to dismiss the amended complaint of Plaintiff Atlantic Casualty Insurance Company ("Atlantic").

        2.      I have reviewed the amended complaint, which was modified only to update the exhibits, as well as Plaintiff's opposition to Bayport's prior motion, Bayport's reply, and the Court's August 26, 2025 Order denying the prior motion as moot while expressly authorizing renewal against the amended pleading.

        3.      Annexed hereto as **Exhibit A** is a true and correct copy of the July 15, 2025 Status Conference Order in the underlying case *LAM Group et al. v. Anthony T. Rinaldi LLC d/b/a The Rinaldi Group, et al.*, Index No. 650465/2022 (Sup. Ct. N.Y. Cty.), which sets the following deadlines: depositions by December 15, 2025; Plaintiff's expert disclosure by January 29, 2026; Defendants' expert disclosures by March 5, 2026; expert discovery by April 9, 2026.

4.      Annexed hereto as **Exhibit B** is a true and correct copy of the July 29, 2025 letter from plaintiffs' counsel to Justice Robert R. Reed requesting referral of the underlying case to ADR. The letter confirms that Bayport consented to mediation but expressly noted that it remained embroiled in simultaneous coverage litigation with its insurer.

5.      Annexed hereto as **Exhibit C** is a true and correct copy of the July 29, 2025 Order of Reference to ADR – Commercial Mediation entered by said Justice Reed, referring the case to the Commercial Division Mediation Program while allowing discovery and motion practice to proceed in parallel. See, *Id.* at ¶4.

6.       Annexed hereto as **Exhibit D** is a true and correct copy of correspondence between Bayport's private counsel and Atlantic's carrier-appointed defense counsel in the underlying action. The correspondence demonstrates that Bayport repeatedly requested that an expert be retained and a report prepared in advance of mediation. Carrier-appointed counsel refused, offering only to "discuss" the issue in abstract terms while insisting that no expert be engaged or report provided until the later disclosure deadline. This unreasonable posture deprived Bayport of the very expert input it required, all throughout the litigation, and more so at the critical juncture of mediation, leaving Bayport unable to properly evaluate its exposure, assess damages, or engage in meaningful settlement discussions. The resulting prejudice continues to mount, as Bayport is now effectively forced to approach mediation without the benefit of the technical analysis necessary to defend its interests.

7.      These documents underscore the prejudice to Bayport caused by Atlantic's delay and continuing control of the defense. Even as the case enters mediation, Atlantic, through its appointed counsel, continues to hamstring Bayport by refusing to provide expert support, thereby leaving Bayport unable to meaningfully challenge liability or negotiate resolution, let alone defend the overall case against it.

8.      For these reasons, and those set forth in Bayport's memorandum of law, Bayport respectfully requests that the Court dismiss the amended complaint with prejudice.


Dated: Brooklyn, New York
        September 2, 2025

                                        GUTMAN WEISS, P.C.

                                        _/s/Marc Illish_____
                                        By: Marc Illish, Esq. (MI-6369)
                                        2276 Sixty-Fifth Street
                                        Brooklyn, N.Y. 11204
                                        (718) 259-2100