GUTMAN WEISS, P.C.
By: Marc Illish, Esq. (MI-6369)
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
(718) 259-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

ATLANTIC CASUALTY INSURANCE COMPANY,

                                Plaintiff,

          -against-

BAYPORT CONSTRUCTION CORPORATION, LAM
GROUP and LAM PEARL STREET HOTEL LLC,

                         Defendants.

------------------------------------------------------------------- X

Case No. 1:25-cv-01163-RA


**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT BAYPORT CONSTRUCTION CORP.'S
RENEWED MOTION TO DISMISS AMENDED COMPLAINT**

## I. PRELIMINARY STATEMENT

Defendant Bayport Construction Corp. ("Bayport") respectfully submits this memorandum of law in support of its renewed motion to dismiss the amended complaint filed by plaintiff Atlantic Casualty Insurance Company ("Atlantic"). On April 28, 2025, Bayport moved to dismiss the original complaint. By order dated August 26, 2025, the Court denied that motion as moot solely because Atlantic filed an amended complaint, but the Court expressly authorized Bayport to "renew and refile its motion to dismiss based on the amended pleading."

Bayport now renews its motion, demonstrating that Atlantic's claims remain barred under the doctrines of laches and estoppel. For nearly two years, Atlantic knew that the claims in the underlying construction litigation centered on Bayport's stucco façade work. Despite this knowledge, Atlantic delayed issuing a supplemental disclaimer until November 2024 and waited until February 2025 to file this declaratory judgment action. During that period, Atlantic controlled Bayport's defense through carrier-appointed counsel but failed to retain an expert or preserve critical evidence. Bayport relied upon Atlantic's control of the defense to its detriment, losing the ability to chart its own course. Plaintiff's amended complaint does not remedy these issues.

New developments exacerbate the prejudice to Bayport. The state court has referred the underlying case to mediation, yet carrier-appointed counsel has refused to retain or produce any expert report in advance of mediation, despite repeated requests. Counsel has offered only to "discuss" the subject generally, while insisting that deadlines months away relieve them of any present obligation. As a result, Bayport will be forced to enter mediation — a critical inflection point in the litigation — without expert support. The refusal to provide expert analysis at this stage exemplifies Atlantic's continuing prejudice to Bayport and confirms why the amended complaint must be dismissed.

## II. STATEMENT OF FACTS

The underlying litigation, *LAM Group and LAM Pearl Street Hotel LLC v. Anthony T. Rinaldi LLC d/b/a The Rinaldi Group, Bayport Construction Corp., et al.*, Index No. 650465/2022 (Sup. Ct. N.Y. Cty.), arises from alleged stucco façade defects at the 38–story Pearl Street Hotel project. Plaintiffs allege that Bayport, a subcontractor, performed defective stucco work that detached in December 2020, causing property damage to the building and an adjacent structure.

Atlantic initially issued a reservation of rights letter on April 6, 2023, agreeing to provide Bayport a "courtesy defense" under broad reservation. Despite knowing that stucco defects were at the core of the underlying action, Atlantic did not issue a supplemental disclaimer until November 19, 2024, when it invoked the EIFS exclusion and other coverage defenses. On February 10, 2025, Atlantic filed this declaratory judgment action.

Meanwhile, Bayport reasonably relied on Atlantic's control of its defense. Carrier-appointed counsel belatedly retained an expert, even though stucco conditions were critical to liability. Bayport refrained from pursuing its own independent defense strategy, believing its interests were being represented. The opportunity to secure timely expert evaluation, preserve evidence, and adjust litigation strategy was thereby lost.

On or about July 15, 2025, the state court issued a Status Conference Order extending expert deadlines into 2026 (see, Exhibit A). Plaintiff argues that these deadlines prevent prejudice. In truth, they underscore the prejudice: Bayport was denied expert support when it mattered most, at the outset of litigation, when discovery and strategy could have been shaped.

On July 29, 2025, plaintiffs' counsel wrote to Justice Reed requesting referral of the underlying case to ADR, noting Bayport's caveat that it remained in coverage litigation with its insurer (see, Exhibit B). On or about July 30, 2025, Justice Reed entered a July 29, 2025 Order of

Reference to ADR – Commercial Mediation, requiring the parties to mediate while discovery and motion practice continued. Despite Bayport's requests, carrier-appointed counsel confirmed that no expert report would be prepared before mediation. See, Exhibit D.

### III. LEGAL STANDARD

Dismissal under Rule 12(b)(6) is appropriate where the complaint fails to state a claim upon which relief may be granted. While affirmative defenses such as laches are usually raised in an answer, dismissal is proper where the defense is clear from the face of the pleadings and judicially noticeable documents. See, e.g., *Lennon v. Seaman*, 63 F. Supp. 2d 428 (S.D.N.Y. 1999).

Laches requires knowledge, unreasonable delay, and prejudice. *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425 (S.D.N.Y. 2017). Prejudice exists where delay results in loss of evidence, faded witness memories, or foreclosure of litigation strategy. *Leopard Marine & Trading, Ltd. v. Easy St. Ltd.*, 896 F.3d 174 (2d Cir. 2018).

Equitable estoppel applies where an insurer assumes control of its insured's defense, delays disclaiming coverage, and prejudices the insured thereby. Once prejudice is shown, the insurer is barred from asserting policy defenses. *RLI Ins. Co. v. AST Eng'g Corp.*, 2022 WL 107599 (2d Cir. 2022); *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119 (2d Cir. 2002); *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83 (2d Cir. 2002).

### IV. ARGUMENT

Atlantic's amended complaint should be dismissed because it is barred by laches and equitable estoppel.

Atlantic knew no later than April 2023 that Bayport's liability exposure in the underlying case centered on stucco façade defects. Yet it waited until November 2024 to issue its disclaimer and until February 2025 to file this action. Courts have found even shorter delays to be

unreasonable. In *Bluestein*, prejudice was found where the insurer delayed by months. In *RLI*, a one-year delay sufficed. In *Golden Ins. Co. v. Ingrid House, Inc.*, 538 F. Supp. 3d 293 (S.D.N.Y. 2021), the court recognized that delay in disclaiming undermines the insured's ability to defend itself effectively.

The prejudice to Bayport is clear and continues today. Bayport lost the chance to retain an expert when the façade conditions were fresh, a loss that cannot be undone. Witness memories have naturally faded and evidence certainly has been lost. Most importantly, Bayport's litigation strategy was locked in reliance on Atlantic's control. As the Second Circuit explained in *RLI*, prejudice arises once "the character and strategy of the lawsuit can no longer be altered." That is precisely the case here.

The prejudice is compounded by the upcoming mediation proceedings. The state court has ordered ADR, but carrier-appointed counsel has confirmed in correspondence that no expert report will be prepared or exchanged in advance of mediation, despite Bayport's repeated demands. Counsel offered only to "discuss" expert retention in the abstract, while expressly declining to provide the one thing Bayport urgently needed — an expert report to inform settlement discussions. This posture acknowledges the centrality of expert testimony but deliberately withholds it at the critical juncture of mediation. By doing so, Atlantic has ensured that Bayport enters mediation at a severe disadvantage, unable to evaluate liability or negotiate settlement from an informed position.

Bayport, through carrier counsel, consented to mediation only while noting that it remained locked in coverage litigation against its own carrier, underscoring the untenable conflict Atlantic has created. Equity does not permit an insurer to deprive its insured of expert support at both the

litigation and settlement stages while disclaiming coverage in another court. This strategic entrapment is the very essence of prejudice that supports dismissal under laches and estoppel.

Atlantic's remaining arguments are unavailing. It contends that laches cannot be decided on a motion to dismiss, but *Lennon* and similar cases demonstrate otherwise. It asserts that statutes of limitations have not expired, but laches applies independently of statutes where prejudice results, as in *Leopard Marine*. It argues that prejudice is absent because expert deadlines remain open, but that argument ignores the prejudice already caused by the lost opportunity to shape discovery and settlement with expert input from the outset. It claims that Insurance Law § 3420(d)(2) does not apply, but equitable estoppel applies regardless, as held in *U.S. Underwriters Ins. Co. v. Landau*, 679 F. Supp. 2d 330 (E.D.N.Y. 2010). Finally, it argues that a "courtesy defense" shields it from estoppel, but courts have rejected such formalistic labels where, as here, the insured justifiably relied to its detriment on the insurer's conduct. See, *Bluestein*; *Burt Rigid Box*.

Thus, both laches and estoppel independently bar Atlantic's claims. Together, they compel dismissal of the amended complaint with prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant Bayport Construction Corp. respectfully requests that the Court grant its renewed motion and dismiss the amended complaint with prejudice, together with such other relief as the Court deems just and proper.

Bayport reserves all other defenses.

Dated: Brooklyn, New York
      September 2, 2025

                                              GUTMAN WEISS, P.C.

                                              */s/ Marc Illish*
                                              By: Marc Illish, Esq. (MI-6369)
                                              2276 Sixty-Fifth Street
                                              Brooklyn, N.Y. 11204
                                              (718) 259-2100