GUTMAN WEISS, P.C.
By: Marc Illish, Esq. (MI-6369)
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
(718) 259-2100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
                                    :   Case No. 1:25-cv-01163-RA

ATLANTIC CASUALTY INSURANCE COMPANY,  :
                                    :

                 Plaintiff,      :

                                    :

       -against-           :

                                    :

BAYPORT CONSTRUCTION CORPORATION, LAM  :
GROUP and LAM PEARL STREET HOTEL LLC,  :

                                    :

             Defendants.    X
-------------------------------------------------------------------- 

 

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANT BAYPORT CONSTRUCTION CORP.'S MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

**PRELIMINARY STATEMENT**

Plaintiff Atlantic Casualty Insurance Company ("Atlantic" or "Plaintiff") would have this Court believe that equity is powerless to dismiss a declaratory judgment action on laches grounds so long as it falls within the statute of limitations. That view misstates both law and equity. The doctrines of laches and estoppel exist precisely to prevent the kind of gamesmanship Atlantic has practiced here: assuming control of its insured's defense for years, withholding critical resources throughout, and even after finally filing this declaratory judgment action in February 2025, continuing to delay and obstruct Bayport Construction Corporation's ("Bayport") ability to prepare its defense. Most recently, Atlantic has refused to secure the expert analysis essential to contest the construction-defect claims in preparation of mediation, compounding Bayport's prejudice as mediation quickly approaches.

Defendant Bayport is not a volunteer participant in this declaratory action. It is the insured party that relied on Atlantic's assumption of its defense, accepted the litigation strategy Atlantic imposed, and was left without an expert witness to evaluate technical construction issues from the beginning of the litigation through a crucial juncture of the case. This is not speculative prejudice; it is the kind of tangible, litigation-altering harm courts consistently recognize as sufficient to invoke laches and estoppel.

Plaintiff's opposition rests on three faulty premises:

1. That laches cannot be resolved at the pleading stage;

2. That Bayport has suffered no prejudice; and

3. That statutory timeliness immunizes Plaintiff from equitable defenses.

Each premise is contradicted by binding authority. The Second Circuit has repeatedly affirmed dismissal on laches grounds at the Rule 12(b)(6) stage where delay and prejudice are

apparent. It has further held that prejudice extends to diminished settlement posture and impaired ability to defend, not merely missing witnesses. And it has rejected the notion that compliance with a statute of limitations bars application of laches.

Nor can Atlantic escape equitable estoppel by labeling its conduct a "courtesy interim defense" subject to reservation of rights. Courts have long held that where an insurer assumes control of the defense and causes prejudice, it is estopped from disclaiming coverage—regardless of whether it has issued reservations. Equity looks to conduct and reliance, not boilerplate disclaimers.

Atlantic's opposition tries to paint Bayport's position as an overreach. It is anything but. Bayport asks only that this Court apply settled equitable principles to bar an insurer from wielding declaratory relief as a sword after years of delay and control that prejudiced its insured. Accordingly, the Amended Complaint should be dismissed.

## ARGUMENT

### I. Laches May Be Decided on a Motion to Dismiss

As opposed to Atlantic's assertions, Courts do not hesitate to resolve laches on the pleadings where the facts of delay and prejudice are apparent. The Second Circuit has endorsed dismissal at Rule 12(b)(6) in multiple contexts. In *Zuckerman v. Metropolitan Museum of Art*, 928 F.3d 186 (2d Cir. 2019), the court affirmed dismissal of a Holocaust-era art claim, emphasizing that laches protects defendants against "unreasonable, prejudicial delay in commencing suit," and that a court may decide the issue "as a matter of law" when delay and prejudice appear on the face of the complaint. *Id.* at 193.

The same principle controlled in *Clark v. Hemphill Artworks, LLC*, No. 24-2078-cv, 2025 WL 2394935 (2d Cir. Aug. 19, 2025) (summary order), where the court dismissed claims for

conversion of artwork based on laches at the pleadings stage. The court reiterated that laches is "an affirmative defense that may be raised in a pre-answer Rule 12(b)(6) motion" and resolved when "lack of due diligence and prejudice … are apparent." *Id*. at *2.

This is not an exotic doctrine; it is well-worn law. New York's Appellate Division has applied the same rule. See, e.g. *Matter of Peters v. Sotheby's Inc.*, 34 A.D.3d 29, 38, 821 N.Y.S.2d 61, 69 (1st Dep't 2006).

Plaintiff's insistence that laches always requires factual discovery ignores these authorities. Where, as here, the facts cannot be contested—Atlantic's nearly three-year delay in filing while controlling Bayport's defense, and the resulting prejudice at mediation—dismissal is both proper and necessary.

## II. Atlantic's Delay Has Prejudiced Bayport

Plaintiff argues Bayport cannot show prejudice because expert reports are not yet due. This reflects a narrow and unrealistic view of litigation prejudice. Courts recognize that prejudice under laches includes any disadvantage suffered by a party due to delay—not only loss of evidence at the trial stage.

In *Conopco, Inc. v. Campbell Soup Co.*, the Second Circuit explained that prejudice under laches arises "when the assertion of a claim available some time ago would be inequitable in light of the delay in bringing that claim." 95 F.3d 187, 192 (2d Cir. 1996). The court emphasized that prejudice occurs where "the defendant has changed his position in a way that would not have occurred if the plaintiff had not delayed." *Id*. Such prejudice is not limited to evidentiary loss at trial, but also encompasses a weakened bargaining position and an impaired ability to negotiate settlement. In *Zuckerman*, *infra*, the Court confirmed that prejudice from lost evidence and impaired defense suffices at the pleadings stage. 928 F.3d at 193.

Here, Bayport's prejudice is clear: it must proceed to mediation—a turning point in the underlying litigation—without expert analysis of alleged façade defects. Mediation is not a procedural formality; it is often the moment cases resolve. Entering mediation blind is irreversible prejudice. No subsequent expert report deadline can restore the leverage lost when settlement occurs under conditions created by Atlantic's delay.

Thus, the prejudice suffered by Bayport is not speculative—it is immediate, practical, and irreversible.

### III. Statutory Timeliness Does Not Defeat Laches

Atlantic insists that because it filed this action within six years, laches cannot apply. That argument is both legally wrong and contrary to the very purpose of equity. Statutory timeliness sets the outer limit of when a claim may be brought; it does not immunize a party from the consequences of sleeping on its rights and thereby prejudicing its adversary.

The Second Circuit has spoken clearly that even if a suit is filed within the applicable statute of limitations, laches may still bar the action. *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996). The rationale is simple — equity demands more than punctuality under a statute; it demands fairness. Where a party uses delay strategically, or where the delay causes real prejudice, the fact that the statute of limitations has not run is beside the point.

*Zuckerman v. Metropolitan Museum of Art*, 928 F.3d 186 (2d Cir. 2019), drives this home. There, despite the existence of the Holocaust Expropriated Art Recovery Act, which created a six-year nationwide statute of limitations for such claims, the Second Circuit nevertheless barred the action on laches. The court explained that laches is not displaced by statutory timeliness because "*[t]he doctrine of laches protects defendants against unreasonable, prejudicial delay in*

*commencing suit*." *Id*. at 193. That delay — even if technically within statutory time — was sufficient to bar the claim because the prejudice was undeniable.

The statute of limitations sets an outer boundary for the filing of legal claims. Laches, as an equitable doctrine, intervenes earlier when a plaintiff's delay causes prejudice to the defendant. That is the situation here. Atlantic strategically delayed this action until February 2025, even though it had purportedly disclaimed coverage in part as early as April 2023. The delay deprived Bayport of critical expert preparation to defend the case and now is compromising its settlement position. Equity will not permit Atlantic to exploit statutory timeliness while prejudicing its insured.

In short, Atlantic cannot use the statute of limitations as a safe harbor for its inequitable conduct. The very purpose of laches is to fill that gap: to ensure that a claim filed technically on time, but pursued in a way that unfairly prejudices the defendant, does not proceed. To accept Atlantic's argument would be to erase laches from the law — a result the Second Circuit and New York courts have emphatically rejected.

**IV. Atlantic Is Equitably Estopped from Disclaiming Coverage After Controlling Bayport's Defense**

Finally, Atlantic argues that it is not estopped from disclaiming coverage because it issued reservation-of-rights letters and provided only a "courtesy interim defense." That argument elevates form over substance. Courts have consistently held that once an insurer assumes and controls the defense, it may be estopped from disclaiming coverage if its conduct prejudices the insured.

In *Bluestein & Sander v. Chicago Ins. Co.*, 276 F.3d 119, 122 (2d Cir. 2002), the Second Circuit held that an insurer that assumes control of the defense and delays disclaimer may be

estopped. Likewise, in *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 95 (2d Cir. 2002), estoppel would apply if the insurer's conduct prejudiced the insured, notwithstanding asserted reservations of rights.

This principle has been reaffirmed repeatedly. As this Court recently held in *Utica Nat'l Assurance Co. v. Amazon.com Servs., Inc.*, "An insurance company is estopped from disclaiming coverage where the insured relied to its detriment on that coverage and was prejudiced by the delay of the insurance company in denying or disclaiming coverage based on the loss of the right to control its own defense." No. 23-CV-11267 (VEC), 2025 WL 754125, at *7 (S.D.N.Y. Mar. 10, 2025) (quoting *Lancer Indem. Co. v. Peerless Ins. Co.*, 172 N.Y.S.3d 643 (2d Dep't 2022)).

Thus, an insurer "may be precluded from denying coverage upon proof that the insurer by its conduct, otherwise lulled [the insured] into sleeping on its rights under the insurance contract" *Id.* citing *Cnty. of Suffolk v. Ironshore Indem., Inc.*, 134 N.Y.S.3d 372 (2d Dep't 2020). The inquiry centers on control: estoppel does not apply where the insured directs its own defense. *Id.* citing *Great Am. E&S Ins. Co. v. Hartford Fire Ins. Co.*, No. 09-CV-10010, 2012 WL 3186086, at *10 (S.D.N.Y. Aug. 3, 2012).

But where, as here, the insurer Atlantic controlled strategy, prejudice is presumed because the insured has lost its "right to control its own defense." Id. citing *Bluestein & Sander*, 276 F.3d at 122. New York courts agree that to estop a late disclaimer, the insured must show that "the insurer's control of the defense is such that the character and strategy of the lawsuit can no longer be altered." *Yoda, LLC v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 931 N.Y.S.2d 18 (1st Dep't 2011).

Atlantic's conduct falls squarely within this rule. It directed litigation strategy from the beginning, including instructing defense counsel not to retain an expert; it maintained control for years; and only after Bayport's litigation posture had been irreversibly compromised did it seek to disclaim coverage. It delayed filing this declaratory action until February 2025, and is withholding expert evidence when mediation is now scheduled for October 2025. It exercised control for nearly three years, only to disclaim when Bayport had no practical ability to correct the prejudice caused. Atlantic cannot now invoke its "reservation of rights" to undo the consequences of its own control and delay. Under *Utica Nat'l* and the long line of Second Circuit and New York authority, estoppel is warranted.

Atlantic's reliance on *United Specialty Ins. Co. v. JD Commercial Builders, Inc.*, 2020 WL 4901761 (S.D.N.Y. Aug. 20, 2020), is misplaced. That case involved a courtesy defense provided <u>without prejudice to the insured being demonstrated</u>. Here, the prejudice is undeniable. Atlantic's control deprived Bayport of expert support, highlighted by the current weakening of Bayport's settlement posture, and impaired its overall defense in the underlying litigation. Equity bars Atlantic from disclaiming coverage under these circumstances.

Even if the Court were to conclude that Atlantic's conduct does not warrant dismissal on laches or estoppel grounds, dismissal is still appropriate because declaratory relief is discretionary. The Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Courts routinely decline jurisdiction where declaratory relief would not serve a useful purpose and would work inequity. See *SEC v. Collectors Coffee, Inc.*, No. 19 Civ. 4355 (VM) (GWG), 2023 WL 3575428 (S.D.N.Y. May 22, 2023). Here, declaratory judgment would only ratify Atlantic's

tactical delay and compound the prejudice to Bayport as mediation approaches. Equity counsels strongly against such a result.

## CONCLUSION

For nearly three years, Atlantic sat on its rights while controlling Bayport's defense. It refused to retain an expert when it mattered at the beginning of the litigation, and more recently leaving Bayport unprepared for mediation. Then, with mediation on the horizon, Atlantic presses this declaratory judgment action. That is the essence of inequitable delay.

Laches exists to prevent such tactics. Estoppel ensures insurers cannot induce reliance and then disclaim at their insured's expense. And the discretionary nature of declaratory relief ensures courts are not compelled to reward delay and prejudice with a judgment.

Equity demands dismissal. Plaintiff's Amended Complaint should be dismissed in its entirety, with prejudice, under the doctrines of laches and equitable estoppel, and because declaratory relief would serve no useful purpose.

Dated: Brooklyn, New York
      October 10, 2025

GUTMAN WEISS, P.C.

*/s/ Marc Illish*
By: Marc Illish, Esq. (MI-6369)
2276 Sixty-Fifth Street
Brooklyn, N.Y. 11204
(718) 259-2100
