# MARSHALL CONWAY BRADLEY & GOLLUB

### A PROFESSIONAL CORPORATION
### 45 BROADWAY – SUITE 740
### NEW YORK, NEW YORK 10006
TELEPHONE: (212) 619-4444
TELECOPIER:(212) 962-2647

email: mcw@mcwpc.com

May 5, 2026

**VIA ECF**
Hon. Gary Stein, Magistrate Judge
Southern District of New York
500 Pearl Street, Room 702
New York, New York 10007

> Re:    *Atlantic Casualty Ins. Co. v. Bayport Construction et. al.*
> S.D.N.Y.; Civil Action No.: 25-cv-1163(RA)
> Our File No.:  098-11772

Dear Magistrate Judge Stein:

We represent plaintiff Atlantic Casualty Insurance Company ("Atlantic Casualty") and with the consent of defendants, Bayport Construction Corporation ("Bayport") and LAM Group and LAM Pearl Street Hotel LLC, request a sixty day extension to certain dates in the Case Management Plan and Scheduling Order ("Scheduling Order"). LAM Group and LAM Pearl Street Hotel LLC are hereinafter collectively referred to as LAM.[1]   This is Atlantic Casualty's second request for an extension of certain dates in the Scheduling Order.  On January 29, 2026, Judge Abrams granted Atlantic Casualty's first request for an extension.

## Brief Description of the Nature of the Action

This is an action for declaratory judgment concerning Atlantic Casualty's rights and obligations under an insurance policy issued to Bayport relating to an underlying action captioned: *LAM Group and LAM Pearl Street Hotel LLC v. Anthony T. Rinaldi LLC D/B/A The Rinaldi Group et al.,* Index No. 650465/2022, filed in New York Supreme Court, New York County  ("Underlying Action").

On or around January 31, 2022, LAM filed the Verified Complaint ("Underlying Complaint") in the Underlying Action against Bayport and others.  The  Underlying Complaint alleges that: (i) Bayport, a subcontractor (and Atlantic Casualty's named insured), performed mason and stucco work in connection with the construction of a building ("Building") located at 215 Pearl Street, New York, New York; and (ii) on December 25, 2020, after the Building was constructed, pieces from the stucco exterior of the Building dislodged and caused property damage to both the adjacent building and the Building itself (the "Incident").  Atlantic Casualty is defending Bayport in the Underlying Action under a Partial Disclaimer.

---

[1] As pled in Defendants' Answer, "LAM Group" is a trade name or d/b/a.  It has no corporate existence.

The Honorable Gary Stein
Page 2

Atlantic Casualty filed this lawsuit, *inter alia*, in order to obtain a declaration that it has no obligation to defend or indemnify Bayport with respect to the Underlying Action by virtue of the Exclusion EIFS endorsement ("EIFS Exclusion Endorsement") among other defenses in Atlantic Casualty Policy Number L03009259-2 issued to Bayport for the policy period of July 25, 2020 to July 25, 2021.

Atlantic Casualty believes that  the "stucco façade" of the Building consisted of EIFS. LAM disagrees and believes it will prove that the façade was not EIFS. The EIFS Exclusion Endorsement precludes coverage for property damage "*arising from* the design, manufacture, construction, fabrication, preparation, *installation*, *application*, maintenance or repair … of an exterior insulation and finish system (commonly referred to as synthetic stucco or EIFS) or any part thereof, or any substantially similar system or any part thereof, including the application or use of conditioners, primers, accessories".

**The Request For An Extension**

Atlantic Casualty seeks this extension because: (i) on May 1, 2026, Atlantic Casualty was advised of the tragic news that Mark Illish who had been defending Bayport in this declaratory judgment action died suddenly at the age of 43 and Zvi Toledano and Dov Medinets who will now be defending Bayport has requested a sixty day extension for all discovery deadlines in the action; (ii) Bayport produced to Atlantic Casualty a copy of the subcontract ("Subcontract") between Bayport and Alfre & Sons Construction Inc. ("Alfre") in connection with the construction project which is the subject of the Underlying Complaint; (iii) Exhibit A to the Subcontract indicates that Bayport subcontracted the fabrication and installation of the stucco to Alfre; (iv) on February 10, 2026, Atlantic Casualty served a second request of documents onto Bayport seeking all documents that Bayport received from Alfre establishing that Alfre used EIFS for the façade of the exterior of the Building; (v) despite Atlantic Casualty's follow up emails and telephone calls to Bayport about this document request, Bayport did not contact Atlantic Casualty until May 1, 2026 when Atlantic Casualty commenced the meet and confer process pursuant to Your Honor's rules; (vi) on February 2, 2026,  Atlantic Casualty issued a subpoena to produce documents to Alfre establishing that Alfre used EIFS for the façade of the Building prior to the December 25, 2020 loss date; (vii) on February 19, 2026, the process server executed an Affirmation of Service stating that the Subpoena  personally served on Mr. Singh, General Agent; (viii) Alfre never responded to Atlantic Casualty's subpoena;  (ix) on April 4, 2026, Atlantic Casualty filed a motion to compel against Alfre; (x) on April 9, 2026, Atlantic Casualty's motion was personally served on Alfre; (xi) Alfre has not responded to Atlantic Casualty's motion; and (xii) on May 1, 2026, Atlantic Casualty issued four more subpoenas to non-parties regarding the installation of EIFS on the Building prior to the Incident.  Since Bayport never responded to Atlantic Casualty's document requests, Alfre has not responded to Atlantic Casualty's subpoena and Atlantic Casualty, in an abundance of caution, just issued four more subpoenas to other entities seeking EIFS related documents, Atlantic Casualty also seeks a sixty day extension for all discovery deadlines.

Moreover, Atlantic Casualty also seek an extension of the discovery deadlines because in the last three months Atlantic Casualty's counsel has: (i)  reviewed  the more than 14,000 pages of documents produced by LAM in late December and early January; (ii) produced supplemental document productions to LAM and Bayport and a 100 page privilege/redaction log to LAM and an 83 page privilege/redaction log to Bayport; and (iii) retained an expert.  Since Atlantic Casualty

The Honorable Gary Stein
Page 3

has been very busy the past few months reviewing documents and preparing privilege logs, it needs the sixty day extension to prepare and take depositions.

Atlantic Casualty seeks an extension of the deadlines for: (i) all fact discovery from July 9, 2026 to September 9, 2026; (ii) non-expert depositions from May 14, 2026 to July 17, 2026; (iii) serving Requests to Admit from May 28, 2026 to July 31, 2026; (iv) all expert discovery from August 13, 2026 to October 16, 2026; and (v) all discovery from August 27, 2026 to October 30, 2026.   Atlantic Casualty also seeks to adjourn the post-discovery conference from September 3, 2026 to November 3, 2026 or any other date that is convenient for the Court.

Thank you for your attention to this matter.

Respectfully submitted,

*Maria T. Ehrlich*

Maria T. Ehrlich

Via Pacer

cc:
Via Email
Zvi Toledano, Esq.
Kt@gwpclaw.com


Via Email
Dov Medinets, Esq.
dm@gwpclaw.com