**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
ATLANTIC CASUALTY INSURANCE
COMPANY,

                                 Plaintiff,

              -against-

BAYPORT CONSTRUCTION
CORPORATION, et al.,

                             Defendants.
-------------------------------------------------------------------------X

**25 Civ. 1163 (RA) (GS)**

**<u>ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Plaintiff's motion, dated April 2, 2026, to compel

production of documents from non-party Alfre & Sons Construction, Inc. ("Alfre").

(Dkt. Nos. 49–51). For the reasons set forth below, the Court finds that Plaintiff

has not adequately shown that the underlying subpoena was properly served on

Alfre. Accordingly, Plaintiff is directed to either adduce more facts demonstrating

that prior service was proper or re-serve the subpoena.

BACKGROUND

On February 2, 2026, Plaintiff issued a subpoena to Alfre requesting, *inter*

*alia*, documents concerning Alfre's use of Exterior Insulation and Finish System

("EIFS") products during the construction of a building located at 215 Pearl Street,

New York, New York (the "Building"). (Dkt. No. 51 ("Mot.") at 2, 4). According to

Plaintiff, Defendant Bayport Construction Corp. ("Bayport") sub-contracted with

Alfre to "fabricate and install" EIFS materials for the Building. (*Id.* at 4; Dkt. No.

50 ("Erlich Decl.") Ex. 3). Plaintiff alleges that those materials were used for the

Building's stucco system, which later "dislodged and caused property damage" to the Building and an adjacent building, giving rise to this insurance coverage dispute.  (Mot. at 2).

Plaintiff's first attempt to serve Alfre was unsuccessful.  On February 5, 2026, the process server contracted by Plaintiff submitted an Affirmation of Due Diligence stating that Alfre had moved from the Uniondale, New York address listed in the sub-contract between Alfre and Bayport.  (Mot. at 4–5).  Subsequently, Plaintiff hired a private investigator to obtain Alfre's new address.  (*Id.* at 5).  Based on the private investigator's information, Plaintiff attempted to serve Alfre a second time at an address in Westbury, New York.  (*Id.*).  On February 19, 2026, Plaintiff's process server left the subpoena personally with "Mr. Singh, General Agent," at the Westbury address.  (*Id.* at 5; Erlich Decl. Ex. 7).  In the Affidavit of Service, the process server stated that he "inquired if the individual was authorized to accept service and received an affirmative response."  (Erlich Decl. Ex. 7).  The subpoena contemplated a return date of March 12, 2026.  (*Id.* Ex. 6).  Alfre did not respond to the subpoena by the return date.

Plaintiff filed this motion to compel following Alfre's failure to comply or respond to the subpoena.  Plaintiff also filed an Affirmation of Service showing that one "Mr. Javier, General Agent," personally received delivery of the motion and

2

accompanying documents on April 9, 2026 at the Westbury address.  (Dkt. No. 53).[1]

Similar to the subpoena itself, the Affirmation of Service regarding Plaintiff's

motion stated that the process server "inquired if the individual was authorized to

accept service and received an affirmative response."  (*Id.*)  Per Local Rule 6.1(b),

Alfre had until April 23, 2026 to respond to Plaintiff's motion.  Alfre has not

responded to the motion to compel or otherwise appeared in this action.

## DISCUSSION

In order for the Court to grant Plaintiff's motion to compel, Plaintiff must

make an adequate showing that Alfre was properly served with the subpoena under

Federal Rule of Civil Procedure 45.  Under Rule 45, "[s]erving a subpoena requires

delivering a copy to the named person[.]"  Fed. R. Civ. P. 45(b)(1).  When that

"person" is a corporation, "there must be delivery to an appropriate agent, as

identified by Rule 4(h) [of the FRCP]."  *Gov't Emps. Ins. Co. v. Kalitenko*, No. 22 Civ.

3804 (ARR), 2022 WL 16798219, at *1 (E.D.N.Y. Nov. 8, 2022) (quoting *In re

Newbrook Shipping Corp.*, 31 F.4th 889, 896–97 (4th Cir. 2022)).

Under Rule 4(h), domestic corporations must be served either "[i]n the

manner prescribed by Rule 4(e)(1) for serving an individual" or by delivering the

summons and complaint "to an officer, a managing or general agent, or any other

agent authorized by appointment or by law to receive service of process."  Fed. Rule

---

[1] Plaintiff also states that it is hiring a process server to personally serve this motion on Alfre's owner, Alfredo Vasquez Flores, and will "file the Affidavit of Service once it receives it."  (Mot. at 5). No such Affidavit of Service has been filed on the docket as of this date.

Civ. P. 4(h)(1)(A)–(B).  Courts in this district construe Rule 4(h)'s service requirements liberally, "allowing service through a reasonable method even if the recipient does not strictly fall within the statutory language." *Lim v. Koon*, No. 24 Civ. 7399 (GS), 2025 WL 2782494, at *12 (S.D.N.Y. Sept. 30, 2025) (collecting cases).  And a process server's affidavit generally "creates a presumption of proper service." *Feng Lin v. Quality Woods, Inc.*, No. 17 Civ. 3043 (DLI) (SJB), 2019 WL 1450746, at *5 (E.D.N.Y. Jan. 28, 2019).

However, service is only sufficient "when the person served is in fact affiliated with the defendant corporation and either is authorized or reasonably appears authorized to accept service." *Lim*, 2025 WL 2782494, at *12.  To deem service effective, Plaintiff must provide some evidence demonstrating the agency relationship between the person served and the subpoena's intended recipient.  *See Blommer Chocolate Co. v. Nosira Sharon Ltd.,* 776 F. Supp. 760, 764–65 (S.D.N.Y. 1991) (finding service against defendant insufficient because plaintiff did not provide evidence that entity who accepted service "was authorized to receive service of process on [defendant's] behalf"), *aff'd sub nom. Bloomer Chocolate Co. v. Nosira Shipping Ltd.*, 963 F.2d 1522 (2d Cir. 1992).

Plaintiff's motion and accompanying affidavit merely state that the subpoena was left "personally with Mr. Singh, General Agent," at the Westbury address. (Mot. at 5; Erlich Decl. Ex. 7).  Plaintiff does not actually state that Mr. Singh is the General Agent *of Alfre*, or provide any basis for the Court to find that he is.  Nor does Plaintiff make any showing that Mr. Singh is otherwise affiliated with or

4

employed by Alfre.  It is not enough that Singh was present at the Westbury location identified by Plaintiff's private investigator as Alfre's address.  *See Lin v. Yuri Sushi, Inc.*, No. 18 Civ. 528 (GBD) (OTW), 2025 WL 774911, at *3 (S.D.N.Y. Mar. 11, 2025) (deeming service on corporate defendant deficient where process server delivered relevant documents to employee at defendant's business address, but facts did not suggest that employee was "managing or general agent" under Rule 4(h)); *McHale v. Chase Home Fin. LLC*, No. 17 Civ. 6089 (JMA) (AYS), 2020 WL 7711826, at *4 (E.D.N.Y. Dec. 29, 2020) (finding that an "affidavit of service—which asserts that [the recipient of service] is a 'Managing Agent' for [d]efendant but does not state the grounds for such belief—is . . . deficient and, therefore, is not entitled to the presumption of proper service").

To be sure, according to the Affirmation of Service, the process server "inquired if [Mr. Singh] was authorized to accept service and received an affirmative response."  (Erlich Decl. Ex. 7).  But that statement alone does not establish that Mr. Singh was authorized to accept service of the subpoena on Afre's behalf.  *See Innovative Sports Mgmt., Inc. v. Triangle Eatery & Bar, LLC*, No. 21 Civ. 6909 (AMD) (RER), 2022 WL 18151927, at *7 (E.D.N.Y. Dec. 14, 2022) ("Plaintiff points to no precedent in support of its proposition that an individual's statement that they are authorized to accept service is alone sufficient to constitute reasonable reliance[.]").  And the circumstances here indicate that the Court cannot rely on the process server's statement as sufficient to establish proper service on Alfre.

In particular, the same process server claims that, just six weeks after serving "Mr. Singh" with the subpoena, he served this motion on a different individual, "Mr. Javier," at the same address. (Dkt. No. 53). The corresponding Affirmation of Service also vaguely identifies Mr. Javier as a "General Agent," and contains the identical language stating that the process server "inquired if [Mr. Javier] was authorized to accept service and received an affirmative response." (*Id.*). Plaintiff does not explain how there could be two different "General Agents," both authorized to accept service for Alfre within such a short period of time. Moreover, just as the process server does not state that Mr. Singh is the "General Agent" for Alfre specifically, he also does not state that Mr. Singh said he was "authorized to accept service" on behalf of Alfre specifically.

Adding to the Court's incertitude, the Westbury address in question appears to be a residential home. *See* Google Maps, https://maps.google.com (search 1081 Merillon Avenue, Westbury, NY 11590) (last visited on May 11, 2026); *see also McHale*, 2020 WL 7711826, at *4 (E.D.N.Y. Dec. 29, 2020) (taking judicial notice of the address where an individual was served). Other than the conclusion of its private investigator, the basis for which is entirely unexplained, Plaintiff provides no facts to confirm that this residence serves as the business address for Alfre, a construction company. It is not the address for Alfre listed on the New York Department of State's website, which shows the same address in Uniondale listed in the sub-contracts. *See* N.Y. Dep't of State, Division of Corporations, *Public Inquiry*, https://apps.dos.ny.gov/publicInquiry/EntityDisplay (search Alfre & Sons

6

Construction) (last visited May 11, 2026).  Nor does Plaintiff point to any use of this address by Alfre.

Without more specific information, the Court cannot conclude that Plaintiff properly served Alfre with the subpoena.  The affirmation provided by Plaintiff's process server is "simply too conclusory" to create a presumption of access in this instance.  *McHale*, 2020 WL 7711826 at *4; *see also Innovative Sports Mgmt.*, 2022 WL 18151927, at *7 (finding that "Plaintiff has not satisfied its burden of proving service on" entity where, despite recipient's statement that she was authorized to accept service, Plaintiff provided no argument or evidence that "it would have been objectively reasonable for the process server to believe that [the recipient] was authorized to accept service, given her acceptance of service at a residential address and her lack of any other connection to the company"); *Dominquez v. Hernandez*, No. 21 Civ. 7051 (MKB) (VMS), 2023 WL 2575224, at *13 (E.D.N.Y. Feb. 22, 2023) ("boilerplate" language in affidavit of service stating that recipient affirmed he was authorized to accept service insufficient where affidavit "identifie[d] [recipient] as a managing agent only in a conclusory fashion" and was "unclear as to whether [recipient] was personally served with process on behalf of" entity in question).

## CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has not demonstrated that service on Alfre was proper.  Accordingly, before the Court can entertain the motion to compel, Plaintiff must, within two weeks of this Order,

provide additional information sufficient to show that service was properly effected.

Alternatively, Plaintiff may choose to attempt to re-serve Alfre with the subpoena.

      **SO ORDERED.**

DATED:     May 11, 2026
              New York, New York

                              _____
                              The Honorable Gary Stein
                              United States Magistrate Judge